UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SHUYAIN CHEN,

               Plaintiff,

   -against-

CHINA AIRLINES, LTD.,

             Defendant.

------------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**

Case No. 1: 19-cv-3957 (FB)(SMG)

| | |
|---|---|
| *Appearances:* | *For the Defendants*: |
| *For the Plaintiff*: | BATHOLOMEW BANINO, ESQ. |
| JAMES SCOTT YOH, ESQ. | CONDON & FORSYTH LLP |
| 135-11 40th Road, 5th Floor | 7 Times Square, 19th Floor |
| Flushing, NY 11354 | New York, NY 10036 |

**BLOCK, Senior District Judge:**

Plaintiff Shuyain Chen brings this negligence action against defendant China Airlines ("CAL") stemming from a slip-and-fall incident onboard a CAL flight. CAL moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, CAL's motion is granted.

## I.    Background

For purposes of this motion, the Court takes as true the allegations in the complaint and draws all inferences in plaintiff's favor. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002).

The complaint alleges the following facts:  Chen booked a roundtrip flight from New York to Taipei, Taiwan.  On June 26, 2016, Chen took the first leg of her trip to Taiwan.[1]  On July 24, 2016, Chen boarded her flight back to New York.  On this return flight, Chen slipped and fell, resulting in physical and emotional harm.  Chen alleges that CAL's negligence caused her fall.

CAL argues that dismissal is warranted because Chen's claims are time-barred under the Montreal Convention.  The Court agrees.

## II.    Montreal Convention

The Montreal Convention governs the "international carriage" of persons.  Art 1.  "International carriage" covers any carriage where the place of departure and the place of destination are "within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party."  *Id*.  The Montreal Convention has a preemptive effect over all claims within its scope.  *See Paradis v. Ghana Airways Ltd.,* 348 F.Supp.2d 106, 108 (S.D.N.Y.2004), *aff'd.* 194 F. App'x 5 (2d Cir. 2006).

---

[1] CAL attached Chen's roundtrip plane ticket to its motion.  The Complaint mentions Chen's purchase of this plane ticket from CAL.  Complt ¶12.  Therefore, the Court may properly consider the ticket in deciding the motion to dismiss.  *See Noboa v. MSC Crociere S.p.A.*, 2009 WL 1227451, at *2-3 (S.D.N.Y. May 5, 2009) (considering a "Passenger Ticket/Contract" in deciding a motion to dismiss where the document was "specifically referred to in the complaint").

CAL is correct that the Montreal Convention applies for two reasons: (1) the roundtrip flight started and ended in the United States, a State Party of the Montreal Convention; and (2) Chen's injury occurred while onboard an international flight.

First, while Taiwan is not a State Party to the Montreal Convention, the Convention nevertheless applies when "[p]laintiff's place of departure and place of destination were within the territory of a single State Party." *Booker v. BWIA West Indies Airways Ltd.*, 2007 WL 1351927, at *3 (E.D.N.Y. May 8, 2007), *aff'd* 307 F. App'x 491 (2d Cir. 2009); *see also Shah v. Kuwait Airways Corp*, 387 F. App'x 13, 14 (2d Cir. 2010) ("If the plaintiff's travel began in the United States for return to the United States, the Montreal Convention applies."). Here, Chen's place of departure and destination were the United States—a State Party to the Convention.[2]

Second, article 17(1) of the Convention provides that "[t]he carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place onboard the aircraft. . . ." Art. 17. Chen's injury falls within these bounds as she incurred bodily injured while onboard an international flight.

Because the Montreal Convention applies, its two-year statute of limitation does as well. *See* Art. 35 ("The right to damages shall be extinguished if an action

---

[2] *See* ICAO, Current List of Parties to Multilateral Air Law Treaties, *Convention for the Unification of Certain Rules for International Carriage by Air*, https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf

is not brought within a period of two years."). Chen's injury occurred on July 24, 2016, the day she arrived in New York. However, Chen did not file her complaint until June 12, 2019—clearly outside the two-year statute of limitations. Therefore, Chen's claims must be dismissed as time-barred. *See also Mateo v. JetBlue Airways Corp.*, 847 F. Supp.2d 383, 388 (E.D.N.Y. 2012) (The Montreal Convention's time limitation "is not subject to tolling.")

### III.  Sanctions

Lastly, CAL moves for fees and costs under 28 U.S.C. §1927. However, the Court cannot say that plaintiff's claims were "entirely meritless" or that plaintiff acted "for improper purposes." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000). Therefore, the Court, in its discretion, denies CAL's motion for §1927 sanctions. *See Apex Oil Co. v. Belcher Co. of N.Y., Inc.*, 855 F.2d 1009, 1020 (2d Cir. 1988).

### IV.  Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Defendant's motion for fees and costs is DENIED.

**IT IS SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

September 10, 2020
Brooklyn, New York

4